NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3783
_____

FRANCISCO MEDINA VALDEZ,
                                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A030-106-192)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 25, 2013)
_____

OPINION
_____

PER CURIAM

Francisco Medina Valdez is a native and citizen of the Dominican Republic who

was admitted to the United States as a lawful permanent resident in November 1970.

Over the course of the next forty years, he sustained convictions for the following

offenses: (1) on November 5, 1986, second degree assault in violation of New York Penal

Law § 120.05; (2) on January 27, 1988, possession of a controlled substance (cocaine) in violation of 21 U.S.C. § 3147; (3) on February 22, 1991, attempted criminal possession of stolen property in violation of New York Penal Law §§ 110 and 165.50; and (4) on September 17, 2010, making a false statement on a passport application in violation of 18 U.S.C. § 1542.

In June 2011, the Department of Homeland Security (DHS) issued a Notice to Appear charging Medina with removal under: (1) 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien convicted of two crimes involving moral turpitude (CIMT) not arising out of a single scheme of criminal misconduct; (2) 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a violation of a law relating to a controlled substance; and (3) 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of a crime of violence, which is an aggravated felony, see 8 U.S.C. § 1101(a)(43)(F). During the August 2011 calendar hearing, Medina admitted the factual allegations in the Notice to Appear, and conceded the first two removal charges. He denied only the aggravated felony charge, arguing that the Illegal Immigration Reform and Immigrant Relief Act of 1996 (IIRIRA), which reduced, from five years to one, the minimum term of imprisonment necessary for a crime of violence to qualify as an aggravated felony, should not apply retroactively to his 1986 assault conviction, for which he was sentenced to one year in prison.

DHS subsequently lodged an additional charge of removal against Medina, alleging that he was an alien convicted of an aggravated felony theft offense based on his 1991 conviction. See 8 U.S.C. §§ 1227(a)(2)(A)(iii); 1101(a)(43)(G). Medina applied for asylum, withholding of removal, and protection under the Convention Against

2

Torture (CAT), claiming that he would be persecuted if forced to return to the Dominican Republic because: (1) a neighbor with whom Medina was feuding threatened to contact a sergeant in their home country to have Medina killed; and (2) the police in the Dominican Republic persecute criminal deportees. He also sought cancellation of removal under 8 U.S.C. § 1229b(a), and a waiver of inadmissibility under former § 1182(c).

Following a hearing, the Immigration Judge (IJ) found that DHS had proved its charges against Medina; that he was ineligible for asylum or withholding of removal because his convictions for assault and theft are "particularly serious crime[s]," see 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii) & (b)(3)(B) (last paragraph); that he failed to meet his burden of showing eligibility for deferral of removal under the CAT because the evidence did not suggest a likelihood of torture, see 8 C.F.R. § 1208.16(c)(2); that his 2010 conviction for passport fraud renders him ineligible for relief under former § 1182(c), see 8 C.F.R. § 1212.3(h)(3); and that he is not eligible for cancellation of removal because he was convicted of aggravated felonies in 1986 and 1991, see 8 U.S.C. §§ 1229b(a)(3), 1101(a)(43)(F), (G). Upon administrative review, the BIA affirmed the IJ's decision and dismissed the appeal. This pro se petition for review followed.

Medina's primary argument on appeal is that the BIA erred in determining that he failed to demonstrate eligibility for relief under the CAT.[1] To be eligible for such relief, Medina was required to show that it is more likely than not that he would be tortured if

---

[1] To the extent that Medina argues that the BIA erred in making an adverse credibility determination, in requiring corroborating evidence, and in relying on the "specific intent doctrine," (Br. 11-15), we note that the BIA's decision does not make reference to any of these considerations.

3

removed to the Dominican Republic.  See 8 C.F.R. § 1208.16(c)(2).  "Torture" consists of the intentional infliction of "severe pain or suffering . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1).  At his removal hearing, Medina testified that his neighbor, Mr. Perez, accused him of telling Mr. Perez's wife that he had been unfaithful, and threatened to contact a relative who is a sergeant in the Dominican Republic to have Medina killed.  Medina further testified that he is likely to be singled out for torture because of his status as a criminal deportee.

The BIA correctly concluded that Medina failed to demonstrate that he was eligible for CAT relief.[2]  As the BIA explained, Medina's fears concerning Mr. Perez's relative are insufficient to demonstrate a likelihood of torture; Mr. Perez made the threat only once in the heat of an argument, and Medina did not provide the agency with any evidence verifying the identity of the alleged relative.  With respect to Medina's fear that he would be tortured because of his status as a criminal deportee, we note that the country conditions evidence does not indicate that the Dominican government targets deportees for torture.

Medina also argues that the BIA erred in deeming him ineligible for cancellation

---

[2] We have jurisdiction to review the application of the law governing CAT protection to the undisputed facts.  Cf. Silva–Rengifo v. Att'y Gen., 473 F.3d 58, 63 (3d Cir. 2007) (citing Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005), for the proposition that the "jurisdictional grant regarding appeals by aggravated felons extends not just to legal determinations but also to application of law to facts").

of removal under 8 U.S.C. § 1229b(a) on the ground that he had been convicted of two "aggravated felon[ies]," as that term is defined in 8 U.S.C. §§ 1101(a)(43)(F) and (G), because those definitions, which he claims were amended by the IIRIRA in 1996, cannot be applied retroactively to crimes committed beforehand.[3] This argument is, however, foreclosed by our decision in Biskupski v. Att'y Gen., 503 F.3d 274, 278 (3d Cir. 2007) (explaining that "Congress expressly mandated that the changes made to the term 'aggravated felony' in 8 U.S.C. § 1101(a)(43)" applied to crimes committed before the enactment of IIRIRA).[4]

Medina does not meaningfully challenge any other aspect of the BIA's decision on appeal. Accordingly, we will deny the petition for review.

---

[3] Although we generally lack jurisdiction to review final orders of removal against an alien removable as an aggravated felon, we retain jurisdiction to review questions of law. 8 U.S.C. § 1252(a)(2)(D). Whether a statute has retroactive application and issues of statutory construction are questions of law over which we exercise plenary review. See Park v. Att'y Gen., 472 F.3d 66, 70-71 (3d Cir. 2006).

[4] To the extent that Medina purports to challenge the BIA's determination that he was ineligible for asylum and withholding of removal because he had been convicted of a "particularly serious crime," see 8 U.S.C. §§ 1158(b)(2)(A)(ii) & (b)(2)(B)(i); §§ 1231(b)(3)(B)(ii) & (b)(3)(B) (last paragraph), we note that he failed to present this argument to the BIA. Therefore, we lack jurisdiction to review it. See 8 U.S.C. § 1252(d)(1).